# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| SHAVIS HOLLOMAN, ) | |
|     Plaintiff, ) | Civil Action No. 7:20cv00115 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JEFFREY KISER, *et al.*, ) | By:  Hon. Thomas T. Cullen |
|     Defendants, ) |        United States District Judge |

Shavis Holloman ("Plaintiff"), a Virginia inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that defendants Red Onion State Prison ("Red Onion") Warden Jeffrey Kiser, Assistant Warden Fuller, Major Delma Tate, Officer Lovell, Officer Walker, Officer Vitatoe, Officer Whitt, Officer Mullins, Officer Dutton, Officer Farmer, Officer Hill, and Officer Holloway (collectively "Defendants") violated the Eighth Amendment, the Fourteenth Amendment, and the Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30301, *et seq.* On July 27, 2020, Defendants filed a motion to dismiss for failure to state a claim, and Holloman responded. After reviewing the pleadings, the court finds that the Plaintiff has not stated a claim upon which relief can be granted, and it will grant Defendants' motion.

I. Factual Background

On September 12, 2019, officials at the Red Onion placed Plaintiff in full-body restraints to transport him to the hospital for treatment of a Staph infection.[1] The restraints

---

[1] A Staph infection is caused by Staphylococcus bacteria, a germ found on people's skin that can lead to sepsis if it gets into the bloodstream. *Staph Infections*, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/staph-infections/symptoms-causes/syc-20356221 (last visited March 30, 2021).

included handcuffs, a black box, leg shackles, a chain around his waist, and an electric shock belt. Plaintiff alleges he was left in these restraints for three days, but later alleges he was in the restraints for "over 50 plus hours."

Over the course of his hospital stay, Plaintiff complained about the pain and discomfort caused by the restraints to numerous prison officials; he reiterated his discomfort whenever Defendants changed shifts and new officers came in to monitor him. Holloman alleges that, in response to these requests, Defendants all responded that they could not remove the restraints because the prison's policy required the officials to leave Holloman in metal restraints unless he was undergoing active treatment or surgery, in which case plastic restraints would be used instead.

Holloman alleges that on September 13, he was unable to eat his breakfast because of the full-body restraints and states that he was "dropping food from [his] mouth." At around 10:00 a.m., the prison officials removed some of the Plaintiff's restraints in order for Holloman to use the bathroom, but the officials placed him back in the full-body restraints for the rest of the day. Holloman also alleges he was unable to sleep because the restraints were too uncomfortable. On September 14, Defendants took Holloman back to Red Onion around 6:30 p.m. and removed the full-body restraints.

Because prison officials left him in the full-body restraints for an extended period of time, Plaintiff alleges Defendants deprived him "of his basic necessities," including the ability to "sleep, shower, and . . . eat." Holloman also claims that being left in the full-body restraints for so long caused "nerve damage" and, afterwards, he was "unable to move [his] wrist and ankles properly." He also had "pain in [his] kidneys[, a] headache[,] and sever[e] stiffness." By

leaving him in the restraints for so long, Holloman claims that the various prison officials who observed him—and Red Onion's Warden, Assistant Warden, and Major—violated the Eighth Amendment, the Fourteenth Amendment, and the PREA. He demands $60,500 from each of the 12 named defendants.

Defendants filed a motion to dismiss on July 27, 2020 (ECF No. 12), and Holloman responded (ECF No. 20). On February 19, 2021, before the court ruled on Defendant's motion to dismiss, Holloman filed a motion for summary judgment.[2] (ECF No. 23.) The court has reviewed the pleadings and applicable law, making this matter ripe for decision.[3]

## II. Standard of Review

To survive a motion to dismiss under Rule 12 (b)(6), a complaint must contain sufficient factual allegations, which, if true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Under this plausibility standard, a complaint must contain "more than label[s] and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must

---

[2] Because Holloman asserts further arguments for his claims in his motion for summary judgment, and the court should construe a *pro se* parties' pleadings liberally, the court will consider the arguments Holloman raises in his motion for summary judgment, along with his brief in opposition, in evaluating Defendant's motion to dismiss.

[3] Holloman also filed a motion to appoint counsel (ECF No. 22). The court cannot require an attorney to represent an indigent civil plaintiff. *See Mallard v. United States D. for S. Dist. Iowa*, 490 U.S. 296, 309 (1989). However, the court may request that an attorney represent an indigent plaintiff when "exceptional circumstances" exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Exceptional circumstances depend on the type and complexity of the case and the ability of the plaintiff to present it. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. at 309. The court finds that Holloman's circumstances are not sufficiently exceptional to justify appointment of counsel; moreover, for the reasons discussed herein, Holloman's complaint will be dismissed for failure to state a claim, making further representation unnecessary. Accordingly, Holloman's motion for appointment of counsel will be denied.

include 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

When ruling on a motion to dismiss under Rule 12(b)(6), the court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012) (citation omitted); *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). This is only true for factual allegations; a district court does not afford legal conclusions any deference. Moreover, a court does not have to accept as true "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement, . . . 'unwarranted inferences, unreasonable conclusions, or arguments.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009)).

### III. Discussion

A.  Defendants' Motion to Dismiss

Holloman brings his complaint under 42 U.S.C. § 1983. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

In his complaint, Holloman lists four § 1983 claims against Defendants. First, he claims that Defendants violated his rights under the Due Process Clause of the Fourteenth Amendment. Second, he claims Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment. Third, he claims Defendants violated the PREA. Finally, he claims Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. The gravamen of Holloman's complaint, however, is his Eighth Amendment claim.

1. Due Process

"[I]f a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). Holloman alleges he was kept in restraints for over 50 hours and deprived of his basic necessities. This allegation, although serious, does not implicate the Due Process Clause. Instead, Holloman's allegations should be analyzed under the Eighth Amendment. Therefore, the court will dismiss Holloman's due process claim.

2. Equal Protection

Under the Equal Protection Clause of the Fourteenth Amendment, "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. To successfully plead a violation of the Fourteenth Amendment's Equal Protection Clause, Holloman "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654

(4th Cir. 2001). Holloman has not alleged any facts in his complaint that he was treated differently from others who were similarly situated. To the contrary, Holloman alleges he was subjected to treatment under a policy that is applied to all prisoners who are transported to the hospital. Since Holloman has not alleged facts to show he was treated differently, he cannot sustain a claim that Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment.

    3.    <u>PREA</u>

The PREA does not create an individual right of action. *De'lonta v. Clarke*, No. 7:11-cv-483, 2013 WL 209489, at *3 (W.D. Va. Jan. 14, 2013). "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue . . . . The statute does not grant prisoners any specific rights." *Chinnici v. Edwards*, No. 1:07–cv–229, 2008 WL 3851294, at *3 (D. Vt. Aug. 13, 2008). It is well settled that 42 U.S.C. § 1983 "creates no rights; rather it provides a method for vindicating federal rights elsewhere conferred." *Doe v. Broderick*, 225 F.3d 440, 447 (4th Cir. 2000) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). Because Holloman does not have a federal right under the PREA, Holloman cannot sustain a § 1983 claim under the PREA.

    4.    <u>Eighth Amendment</u>

The Eighth Amendment prohibits the imposition of "cruel and unusual punishments." U.S. Const. amend. VIII." [P]unishments which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society'" are "repugnant to the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958). While the Constitution "does not mandate comfortable prisons," *Rhodes v.*

*Chapman*, 452 U.S. 337, 349 (1981), the Eighth Amendment provides protections for "the treatment a prisoner receives in prison and the conditions under which he is confined." *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

Courts apply a two-part test to determine whether conditions of confinement amount to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 834–35 (1994). First, the court asks "whether the conditions of confinement objectively inflict harm that is sufficiently serious to deprive a prisoner of minimal civilized necessities," and second, "whether prison officials subjectively acted with 'deliberate indifference to inmate health or safety,' meaning that they actually knew of and disregarded the inhumane nature of confinement." *Sleeper v. City of Richmond, Va.*, No. 3:12cv441-HEH, 2012 WL 3555412, at *6 (E.D. Va. Aug. 16, 2012) (citing *Farmer*, 511 U.S. at 834). The first prong of this test is objective, and the second is subjective.

Accepting the facts of Holloman's complaint as true, Holloman cannot satisfy the first prong because he has not alleged a sufficiently serious deprivation. "To be 'sufficiently serious,' the deprivation must be 'extreme'—meaning that it poses 'serious or significant physical or emotional injury resulting from the challenged conditions,' or 'a substantial risk of serious harm resulting from . . . exposure to the challenged conditions.'" *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003)). When analyzing whether prison conditions were extreme, courts consider whether the "totality of prison conditions can be combined to show an Eighth Amendment violation . . . ." *Williams v. Griffin*, 952 F.2d 820, 825 (4th Cir. 1991). The conditions of his confinement at the hospital do not rise to the level of "cruel and unusual" punishment.

Plaintiffs seeking to establish an Eighth Amendment conditions-of-confinement claim face a high bar. By way of example, in *Kovari v. Brevard Extraditions, LLC*, this court found it "extreme" to transport a prisoner who "spen[t] the better part of two weeks in a cramped 'cage,' amidst human waste, in the back of a hot van, driving erratically, with few breaks, for up to several days at a time . . . ." 461 F. Supp. 3d 353, 382 (W.D. Va. May 20, 2020). Similarly, in *Taylor v. Riojas*, the Supreme Court found that placing a prisoner in a cell "covered, nearly floor to ceiling" in feces violated the Eighth Amendment. 141 S. Ct. 52, 53 (2020). The prisoner did not eat in his cell, refused to go to the bathroom, and slept naked on the floor in sewage because the cell lacked a bunk. *Id.*

By comparison, the Eighth Circuit has held that a plaintiff-prisoner failed to state a claim against prison officials who left the plaintiff in restraints for an entire day. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). In *Reynolds*, prison officials placed the plaintiff in restraints in order to transport the plaintiff to a medical appointment and the officials refused to remove the restraints during the day-long journey. *Id.* at 978. That court reasoned that the complaint was "devoid of any allegation suggesting that the two [prison officials] acted with deliberate indifference to [the prisoner's] safety in restraining him throughout the day." *Id.* at 979. Numerous other courts have reached similar conclusions. *See, e.g.*, *Williams v. Collier*, 357 F. App'x 532, at *3 (4th Cir. 2009) (holding district court did not err in granting summary judgment on an Eighth Amendment claim for time spent in a restraint chair); *Cunningham v. Eyman*, 17 F. App'x 449 (7th Cir. 2001) (holding that sixteen hours in shackles, four or five of which were spent in soiled clothing, is uncomfortable, but not unconstitutional under the Eighth Amendment); *Holley v. Johnson*, No. 7:08cv00629, 2010 WL 2640328, at *14 (W.D. Va.

June 30, 2010) (concluding "that the only reasonable inference to be drawn from the type and extent of the injuries [the plaintiff] has proven is that application of ambulatory restraints for 48 hours is not use of force that offends contemporary standards of decency so as to satisfy the objective component of an excessive force claim"); *Sadler v. Young*, 325 F. Supp. 2d 689, 700–704 (W.D. Va. 2004) (finding that correctional officers did not violate inmate's Eighth Amendment rights by putting him in five-point restraints following incident where inmate "slapped" a tray at an officer, but they did violate inmate's rights by leaving him in restraints for 47 hours, arbitrarily confined to a mattress, on his back, with each arm restrained and a belt over his chest, with only brief breaks), *reversed on other grounds by* 118 F. App'x 762 (4th Cir. 2005).

Here, Holloman has not alleged an extreme deprivation that gives rise to an Eight Amendment claim. Holloman was in a hospital bed for 50 hours in full-body restraints. While the restraints may have been uncomfortable, their use in a hospital setting was not a denial of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. The complaint fails to show that the conditions posed "significant physical or emotional harm, or a grave risk of such harm." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). During this time, Holloman was able to eat, sleep, and use the bathroom.[4] This is in stark contrast to being held in the back of a van for a prolonged period without the opportunity to use a restroom, or in a sewage-infested cell. Objectively, the alleged facts do not support a claim of extreme deprivation under well-established law, nor do his allegations, taken as true, establish that his health was

---

[4] Although, as Plaintiff contends, the restraints on his wrists made it difficult to hold the utensils.

at substantial risk. Accordingly, Plaintiff cannot sustain a claim of cruel and unusual punishment related to Holloman being restrained at the hospital.

B.  Holloman's Summary Judgment Motion

Because this court has granted Defendant's 12(b)(6) motion to dismiss, Plaintiff's motion for summary judgment will be denied as moot. When a case or controversy ceases to exist, "the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015). Thus, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, (1969). Because this court has dismissed Plaintiff's claims against Defendants, this case is no longer "live." As such, the court will deny Plaintiff's motion for summary judgment as moot. Moreover, Plaintiff has not shown that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## IV. Conclusion

Taking the facts of Holloman's complaint as true, Holloman fails to state a claim upon which relief can be granted. Holloman's complaint does not allege a sufficiently serious deprivation to constitute a violation of the Eighth Amendment. Additionally, Holloman's complaint fails to allege facts to support a claim under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment. Finally, because the PREA does not provide an individual cause of action under which Holloman may recover, that claim cannot survive. Accordingly, the court will grant Defendants' motion to dismiss and deny Plaintiff's motion for summary judgment.

The clerk is directed to forward a copy of this memorandum opinion and accompanying order to the parties.

**ENTERED** this 31st day of March, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE